1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LENWOOD McQUEEN,           No. 2:13-cv-2406-MCE-CMK-P

12          Petitioner,

13      vs.                 <u>FINDINGS AND RECOMMENDATION</u>

14   RICK HILL,

15          Respondent.

16   _____/

17        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18 habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for

19 a writ of habeas corpus (Doc. 1).

20        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21 dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

22 exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

23 instant case, it is plain that petitioner is not entitled to federal habeas relief.  Reversing the Ninth

24 Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United

25 States Supreme Court has observed:

26 / / /

1

2

3

4
> Whatever liberty interest exists [in parole] is, of course, a *state* interest.  There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

5

6
Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam) (citing

7
Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis

8
in original).

9
        The Court held:

10

11

12

13

14

15
> In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we held, "does not require more."  Ibid.  Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.  (citations omitted).
>         That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .

16
Id.

17

18

19

20

21

22

23

24

25
        The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process."  Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

26
/ / /

1    Here, petitioner claims the board's decision was arbitrary, failed to adhere to state

2   law, and violated his liberty interest.  To the extent petitioner claims that the decision to deny

3   parole was arbitrary and not based on "some evidence" or otherwise failed to satisfy substantive

4   due process, the claim is foreclosed as a matter of law because there is no clearly established

5   federal constitutional substantive due process right in parole.  Petitioner does not claim that his

6   procedural due process rights were violated, that he was not provided the minimal procedural due

7   process protections of notice and an opportunity to be heard.

8    Based on the foregoing, the undersigned recommends that petitioner's petition for

9   a writ of habeas corpus (Doc. 1) be summarily dismissed.

10    These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court.  Responses to objections shall be filed within 14 days after service of

14   objections.  Failure to file objections within the specified time may waive the right to appeal.

15   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17
     DATED:  June 18, 2014

18
                                                    _____
19                                                  **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26